IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RODNEY COMPTON,**

        Petitioner,

v.                                   **CIVIL ACTION NO. 5:23-CV-237**
                                      Judge Bailey

**R. BROWN,** Warden, FCI Gilmer**,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 26, 2023, the *pro se* petitioner, Rodney Compton ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On August 1, 2023, petitioner paid the $5 filing fee. [Doc. 5]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

### II. BACKGROUND[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. *See* **United States v. Mosley et al**, 1:20-CR-00007-PLM-5 (W.D. Mi. 2020). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

A.     **Conviction and Sentence**

On February 5, 2020, petitioner was charged in a superseding indictment in the Western District of Michigan with: Count One, conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), (b)(1)(C), and (b)(1)(D); and Counts Fourteen and sixteen, each for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  Petitioner pleaded guilty pursuant to a plea agreement to Count One; Counts Fourteen and Sixteen were dismissed on a motion by the United States.  On September 8, 2020, petitioner was sentenced to a total term of 100 months imprisonment.  According to the Bureau of Prisons' ("BOP") website, petitioner's **projected** release date, via good conduct time, is January 17, 2027.

B.     **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that the BOP has refused to grant him credits earned pursuant to the First Step Act or CARES Act.  Petitioner alleges that he is eligible under the First Step Act and has been participating in evidence-based recidivism reduction programming but that FCI Gilmer has a policy in place to deny credits to inmates who do not score "low" in risk categories for recidivism.  For relief, he seeks 180 days of time credits and 365 days of First Step Act credits, which he alleges he is entitled to.

### III.     LEGAL STANDARDS

A.  **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

This Court is without jurisdiction to adjudicate petitioner's claims because he failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. **Booth v. Churner**, 532 U.S. 731, 741

(2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  **Porter**, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>   Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  *See* 28 C.F.R. § 542.10, *et seq.*

4

If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's failure to exhaust administrative remedies is apparent on the face of the petition. Although petitioner checked a box indicating he has presented the facts of the petition through the prison's internal grievance procedure, he states he was "verbally denied positive resolution and it has been more than 30 days since B-P-9 was submitted with no response what so ever (sic). Respondents have not allowed petitioner to pursue adequate remedies at facility level." [Doc. 1 at 12]. Taking the allegations as true, petitioner appears to have filed a written complaint to the warden but never received a response. Petitioner states that he cannot get past the second level without exhausting local remedies. [Id. at 13]. Once such a complaint is filed, the warden must respond within twenty calendar days. 28 C.F.R. § 542.18. However, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id. Thus, once petitioner did not receive a response within the twenty-day period, his next step is to proceed to filing an appeal with the regional director. By his own account, petitioner has not exhausted his administrative remedies.

Accordingly, petitioner's claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't,** 523 U.S. 83, 95 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

In the alternative, if the district court determines that dismissal for exhaustion is not appropriate, the undersigned finds that petitioner has failed to state a claim. On July 31, 2023, petitioner submitted a supplemental briefing, [Doc. 8]. Along with that briefing, petitioner submitted a copy of his First Step Time Credit Assessment, [Doc. 8-1]. The assessment shows that petitioner is accruing time credits under the First Step Act at a rate of 10 days per 30 programming days, and that with 901 eligible program days has earned 300 time credits. [Id.]. However, as petitioner points out, the Assessment shows "Apply FTC to Release: No." [Id.]. Petitioner argues that the BOP is erroneously requiring that prisoners be listed as "Low" recidivism risk before awarding their earned time credits. [Doc. 8 at 2]. And, indeed, petitioner's recidivism risk is listed as "MEDIUM." [Doc. 1 at 9]. In his petition, petitioner asserts that "no where in the statute does it say, 'if you are determined to have a medium or high risk of recidivism they are not allowed to award the credit time days.'" [Doc. 1 at 7].

However, a review of 18 U.S.C. § 3624 shows that the submitted FSA assessment sheet appears to align with the statutory language. Although petitioner is correct that prisoners are not required to be at "low" recidivism risk to earn time credits, *see* 18 U.S.C. § 3632(d)(4), recidivism risk does affect eligibility for having credits applied toward prerelease custody or supervised release:

6

> **(g) Prerelease custody or supervised release for risk and needs assessment system participants.—**
>
> **(1) Eligible prisoners**.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who—
>
> . . .
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;

18 U.S.C. § 3624(g).  In the case of a prisoner being placed in prerelease custody, this means the prisoner has been determined to be at minimum or low risk for the last two reassessments or that the warden has determined that, among other things, the prisoner is unlikely to recidivate.  18 U.S.C. § 3624(g)(1)(D)(i).  In the case of a prisoner being placed in supervised release, this simply requires being at minimum or low risk as of the last reassessment of the prisoner.  18 U.S.C. § 3624(g)(1)(D)(ii).  In either case, petitioner is not entitled to have the credits *applied* while he is at "medium" risk of recidivating.  As one district court summarized,

> [Petitioner] misunderstands a crucial part of the FSA concerning not just [his] ability to earn time credits, but the application of those credits. While [petitioner] is free to earn time credits as an inmate with a medium risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot apply those time credits to [his] sentence unless and until [he] has a minimum or low risk recidivism level for two consecutive assessments for prerelease custody or a minimum or low risk recidivism level for the last assessment for supervised release.

***Brown v. Garrett***, No. 722CV00551AMMJHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, No. 722CV00551AMMJHE, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023).  Accordingly, the petition should be dismissed.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  August 18, 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE